UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARY O'BRIEN,

              Petitioner,                                      Hon. Janet T. Neff

v.                                                 Case No. 1:14-CV-691

LORI GIDLEY,

              Respondent.

_____/


**REPORT AND RECOMMENDATION**

This matter is before the Court on O'Brien's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that O'Brien's petition be **denied**.


**BACKGROUND**

As a result of events which occurred between January 1, 2010, and September 9, 2011, Petitioner was charged with First Degree Criminal Sexual Conduct for sexually assaulting a six year-old girl. (ECF No. 7-3 at PageID.99-107). Petitioner was 24 or 25 years of age during the relevant time period. (ECF No. 7-3 at PageID.107). If convicted of this offense, Petitioner faced "imprisonment for life or any term of years, but not less than 25 years." Petitioner had also previously been convicted of: (1) criminal sexual conduct involving a 13 year-old girl and (2) twice

1

failing to comply with the requirements of the sex offender registration statute.  (ECF No. 7-7 at PageID.132-33).  Petitioner subsequently entered into a plea agreement pursuant to which he agreed to plead guilty to First Degree Criminal Sexual Conduct in return for an agreement that the court would impose a minimum sentence of no more than the 25 years mandated by statute.  (ECF No. 7-3 at PageID.99-103).  Petitioner was sentenced to serve 25-60 years in prison.  (ECF No. 7-4 at PageID.113).

Petitioner's subsequent motion to withdraw his plea was denied by the trial court. (ECF No. 7-7 at PageID.132-33).  Petitioner then moved in the Michigan Court of Appeals for leave to appeal, asserting the following claim:

> I.   The Defendant's plea was not entered voluntarily, knowingly, and intelligently, as required under the state and federal constitutions, where the Cobbs sentencing evaluation was illusory and/or because of his intellectual deficits.  This court should at least reverse, remand for IQ testing and a competency exam, and direct the trial court to then reconsider the motion for plea withdrawal.

The Michigan Court of Appeals denied Petitioner leave to appeal "for lack of merit in the grounds presented."  (ECF No. 7-8 at PageID.134).  The Michigan Supreme Court rejected Petitioner's application for leave to appeal this determination, stating that "we are not persuaded that the question presented should be reviewed by this Court."  (ECF No. 7-9 at PageID.171).  Petitioner thereafter initiated the present action asserting the following claim:

> I.   The Defendant's plea was not entered voluntarily, knowingly, and intelligently, as required under the federal constitution, where the Cobbs sentencing evaluation was illusory and/or because of his intellectual deficits.

## STANDARD OF REVIEW

O'Brien's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254.  The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at an opposite result." *Ayers v. Hudson*, 623 F.3d 301, 307 (6th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect

3

that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case" or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context." *Ayers*, 623 F.3d at 307. Furthermore, review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the "factual determination by [the] state courts are presumed correct absent clear and convincing evidence to the contrary." *Ayers*, 623 F.3d at 308. Accordingly, a decision "adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds

unless objectively unreasonable in light of the evidence presented in the state-court proceeding." While this standard is "demanding" it is "not insatiable." *Id.*

For a writ to issue pursuant to § 2254(d)(1), the Court must find a violation of clearly established federal law "as set forth by the Supreme Court at the time the state court rendered its decision." *Stewart v. Irwin*, 503 F.3d 488, 493 (6th Cir. 2007). This definition of "clearly established federal law" includes "only the holdings of the Supreme Court, rather than its dicta." *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Nevertheless, "the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart*, 503 F.3d at 493.

As previously noted, § 2254(d) provides that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits" unless the petitioner can satisfy the requirements of either § 2254(d)(1) or § 2254(d)(2). This provision, however, "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Instead, when a federal claim has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits." *Id.* at 784-85. Where such is the case, the Court must apply the deferential standard of review articulated above, rather than some other less deferential standard.

The presumption that the state court "adjudicated [a] claim on the merits" may be overcome only "when there is reason to think some other explanation for the state court's decision is more likely." *Id.* If this presumption is overcome, however, the Court reviews the matter de novo. *See Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where

5

state courts had not reached the question); *see also, Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

Petitioner asserts that his guilty plea is not voluntary, knowing, or intelligent because the benefit he received by pleading guilty was illusory. The Court is not persuaded.

A guilty plea is more than an admission that the accused performed certain acts, but is instead "a conviction." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Following a guilty plea "nothing remains but to give judgment and determine punishment." *Id.* By pleading guilty a criminal defendant surrenders several important constitutional rights, including (a) the privilege against compelled self-incrimination; (b) the right to trial by jury; and (c) the right to confront one's accusers. *Id.* at 243. To ensure that a criminal defendant is not improperly deprived of these (and other) rights, to be valid a guilty plea must be made "voluntarily, knowingly, and intelligently" with "sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

The *Boykin* Court identified certain rights (identified immediately above) which a criminal defendant waives by pleading guilty. While the *Boykin* Court made clear that waiver of these (and other) rights cannot be assumed, the Court did not hold that a guilty plea is valid only where a criminal defendant was first notified as to each and every right he would be waiving by pleading guilty. *Boykin*, 395 U.S. at 243-44. In fact, less than one year after its *Boykin* decision the Supreme Court, in *Brady v. United States*, 397 U.S. 742 (1970), upheld the validity of a guilty plea

6

even though the defendant had not been specifically advised of the rights identified by the *Boykin* Court. *Id.* at 743-58. With respect to its *Boykin* decision, the Court clarified its significance stating that "[t]he new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Id.* at 747 n.4.

Accordingly, as other courts have since recognized, neither *Boykin* nor any other Supreme Court authority requires that a criminal defendant be specifically advised of any particular rights before his guilty plea can be deemed constitutionally valid. *See, e.g., Threadgill v. Galaza*, 2006 WL 2084165 at *3 (E.D. Cal., July 25, 2006) ("specific articulation of the *Boykin* rights is not the sine qua non of a valid guilty plea;" if the "record demonstrates that a guilty plea is knowing and voluntary, no particular ritual or showing on the record is required"); *United States v. Toles*, 1992 WL 129284 at *3 (9th Cir., June 4, 1992) ("*Boykin* does not require that the trial judge specifically list each right waived by a defendant who pleads guilty"); *Carter v. Brooks*, 2001 WL 169584 at *6-7 (D. Conn., Feb. 13, 2001) (the Supreme Court has "in no way intimated the precise terms of the inquiry that the trial judge should make of a defendant before accepting his plea" and "a guilty plea will not be invalidated simply because of the district court's failure. . .to enumerate one or more of the rights waived by the defendant as the result of such a plea"); *United States v. Smith*, 1990 WL 92601 at *2 (9th Cir., July 5, 1990) (the standard is not whether the trial judge specifically articulated certain rights, but whether "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant").

Accordingly, the relevant question is not whether the trial judge specifically articulated or identified for Petitioner a list of the various rights he would be surrendering by

7

pleading guilty.  Rather, as noted above, the question is whether Petitioner's decision to plead guilty was made "voluntarily, knowingly, and intelligently" with "sufficient awareness of the relevant circumstances and likely consequences."  The plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Wilkerson v. Jones*, 109 Fed. Appx. 22, 23 (6th Cir., Aug. 6, 2004) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Determining whether a guilty plea satisfies this standard requires "an evaluation of all the relevant circumstances surrounding the plea." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).

The terms of the plea bargain were discussed on the record.  (ECF No. 7-3 at PageID.99-103).  Petitioner testified that he understood the charges against him, as well as the possible penalty that could be imposed if convicted.  (ECF No. 7-3 at PageID.100-01).  Petitioner executed an Advice of Rights form detailing the various rights he would be surrendering if he pleaded guilty. (ECF No. 7-2 at PageID.96).  Petitioner testified that he understood that by pleading guilty he would be surrendering the rights described in the Advice of Rights form.  (ECF No. 7-3 at PageID.102).  Petitioner testified that he understood that if he pleaded guilty he would be surrendering any claim that his guilty plea "was the result of any promises or threats that were not disclosed to the Court [during] the plea proceeding or that it was not [his] free choice to enter the plea of guilty." (ECF No. 7-3 at PageID.102).  Petitioner testified that his decision to plead guilty was voluntary and that nobody had threatened him or promised him anything other than what was stated on the record.   (ECF No. 7-3 at PageID.103-04).   Considering the totality of the circumstances, any claim that Petitioner's guilty plea was not offered voluntarily, knowingly, and intelligently is simply not persuasive.

Plaintiff's argument that he received an illusory benefit by agreeing to plead guilty

is likewise without merit.  To understand the basis for Petitioner's claim of an illusory benefit, it is necessary to examine the intersection under Michigan law, as it then existed, between the state's sentencing guidelines and statutes which impose a mandatory minimum sentence.[1]  The Michigan Sentencing Guidelines apply to sentences imposed for convictions for First Degree Criminal Sexual Conduct.  *See, e.g., People v. Wilcox*, 781 N.W.2d 784, 787 (Mich. 2010).  Regarding the Michigan Sentencing Guidelines, Michigan law provides, in relevant part, that "[i]f a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute.  Imposing a mandatory minimum sentence is not a departure under this section."  Mich. Comp. Laws § 769.34(2)(a).

Under Michigan law a conviction for First Degree Criminal Sexual Conduct "by an individual 17 years of age or older against an individual less than 13 years of age" mandates a minimum sentence of "not less than 25 years."  Mich. Comp. Laws § 750.520b(2)(b).  Thus, even if the sentencing guidelines had recommended that Petitioner receive a minimum sentence of less than 25 years, the trial court was nevertheless compelled to impose a minimum sentence of 25 years.  *See* Mich. Comp. Laws § 769.34(2)(a); *Wilcox*, 781 N.W.2d at 785-87.  Even in such a circumstance, however, the trial court could impose a minimum sentence greater than 25 years if it articulated "substantial and compelling reasons" justifying such.  *See Wilcox*, 781 N.W.2d 785-87.  Thus, if Petitioner went to trial and was convicted of First Degree Criminal Sexual Conduct, he faced a minimum sentence of at least 25 years and an even lengthier minimum sentence if either: (1) his guidelines score recommended a lengthier minimum sentence or (2) the trial court found

---

[1]  The state court decisions being challenged in the present action were issued long before the decision in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), in which the Michigan Supreme Court held, in part, that certain minimum sentences as calculated under the state's sentencing guidelines were only advisory in nature.

substantial and compelling reasons to support such.

As noted above, Petitioner agreed to plead guilty in return for a minimum sentence that did not exceed 25 years. Petitioner now argues that because his sentencing guidelines score did not recommend a minimum sentence of more than 25 years, he received no benefit by agreeing to plead guilty. Stated differently, Petitioner asserts that the sentence he would have received had he opted to go to trial would have been no more severe than the one he received in response to pleading guilty. Petitioner's argument, however, overlooks that by pleading guilty he eliminated the possibility that the trial court would have found substantial and compelling reasons to impose a minimum sentence of more than the 25 years mandated by statute. The trial judge made this clear in denying Petitioner's motion to withdraw his guilty plea:

> Defendant, Gary Lee O'Brien, files the instant "Motion for Plea Withdrawal." The record reflects that defendant pled guilty to a charge of first-degree criminal sexual conduct (defendant older than 17, victim younger than 13). Although the sentencing guidelines were 52 months to 85 months, the court imposed the 25-year minimum sentence which was mandated by the statute. The court in a Cobbs agreement had stated that it would not sentence defendant to a minimum sentence higher than the 25-year minimum required by the statute.
>
> Defendant first argues that the Cobbs agreement was illusory because the court would not have had substantial and compelling reasons to sentence defendant so far above the sentencing guideline that the minimum would exceed 25 years. The court disagrees. The charge was a life felony; the victim who was penetrated was only six years old; and defendant had previously been convicted of fourth-degree criminal sexual conduct involving a 13-year old girl, as well as two misdemeanor convictions for failure to comply with the requirements of the sex offender registration statute. Defendant's admitted intellectual limitations, while tragic, could very well lead to an inference that defendant would never be able to control his sexual attraction to children. Thus, it could have been possible for any sentencing judge, in order to protect the public, to find substantial and compelling reasons for an upward and proportional departure

10

beyond the 25-year minimum, including a sentence of life in prison.

Defendant also argued that he lacked the mental capacity to give an understanding, voluntary, and accurate plea.  However, there was nothing on the record to suggest that defendant did not enter his plea in an understanding, voluntary, and knowing manner.  His "yes" and "no" answers were appropriately responsive to the questions asked.  For these reasons, It Is Ordered that the motion is denied.

(ECF No. 7-7 at PageID.132-33).

Petitioner clearly received a benefit by pleading guilty.  Even if the Court assumes that there existed only a slight possibility that the trial judge would have sought to impose a minimum sentence of greater than 25 years, such does not render illusory the promise Petitioner received.  *See, e.g., McAdoo v. Elo*, 365 F.3d 487, 498 (6th Cir. 2004) (where defendant, who faced sentence of life without possibility of parole, pleaded guilty in return for a lesser sentence of life with possibility of parole, bargain was not illusory simply because the parole board rarely grants parole to such prisoners); *Donaldson v. Barrett*, 2014 WL 3805633 at *6 (E.D. Mich., Aug. 1, 2014) (where defendant agreed to plea bargain pursuant to which court agreed to impose sentence within the sentencing guidelines, bargain was not illusory because court could have, in light of defendant's prior criminal convictions, determined that an upward departure from the sentencing guidelines was appropriate).  Simply put, Petitioner made a rational choice in this matter.  In return for a promise to limit his minimum sentence, he agreed to plead guilty.  As the trial judge made clear in his opinion denying Petitioner's motion to withdraw plea, there existed justification to impose a lengthier minimum sentence.  Thus, Petitioner's claim that he received no benefit by agreeing to plead guilty is unpersuasive.

The Court reaches the same conclusion with respect to Petitioner's claim that his plea was somehow invalid because of his alleged "intellectual deficits."  Before addressing the merits

11

of this claim, the Court must address whether this claim is properly before the Court. Respondent argues that Petitioner failed to assert this claim in state court. The Court disagrees as this claim was clearly asserted by Petitioner in the trial court, the Michigan Court of Appeals, and the Michigan Supreme Court. (ECF No. 7-5 at PageID.118-19; ECF No. 7-8 at PageID.145-51; ECF No. 7-9 at PageID.180-86). To the extent, therefore, that Respondent argues that this particular claim has not been exhausted, the Court is not persuaded. Petitioner's claim is nevertheless without merit.

In support of his argument, Petitioner identifies several items. First, the Presentence Investigation report contains a statement by Petitioner's father that Petitioner "has the mind of a third grader, slow, and easily manipulated." (ECF No. 1-2 at PageID.24). Second, MDOC treatment notes indicate that Petitioner's "intellect is below average and estimated borderline intellectual functioning." (ECF No. 1-4 at PageID.38). It was further noted that Petitioner exhibits "poor" concentration and "very poor" reasoning, judgment, and insight. (ECF No. 1-4 at PageID.38). Finally, Petitioner presents an affidavit executed by his appellate counsel who asserts that Petitioner "may be mentally retarded or borderline mentally retarded." (ECF No. 1-6 at PageID.43). While this evidence may very well support an argument that Petitioner is mentally and emotionally limited, it hardly demonstrates that Petitioner lacked legal competency when he pleaded guilty or otherwise calls into question that his plea was voluntary, knowing, and intelligent.

The Michigan courts rejected Petitioner's claims. For the reasons discussed herein, the Court concludes that the denial of these claims by the state courts was neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, such was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, Petitioner is not entitled to habeas relief.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States.  Accordingly, the undersigned recommends that O'Brien's petition for writ of habeas corpus be **denied**.  The undersigned further recommends that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date:  November 15, 2016                                      /s/ Ellen S. Carmody_____
                                                             ELLEN S. CARMODY
                                                             United States Magistrate Judge

13